```
                                        U.S. DISTRICT COURT
                                     NORTHERN DISTRICT OF TEXAS
                                             FILED

         IN THE UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF TEXAS         MAR - 8 2016
                 FORT WORTH DIVISION

                                          CLERK, U.S. DISTRICT COURT
                                          By _____
                                                   Deputy
```

| | | |
|---|---|---|
| JAMES B. NUTTER & COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-141-A |
| | § | |
| WELLINGTON CLAIM SERVICE, INC., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, Wellington Claim Service, Inc. ("Wellington"), and Acceptance Casualty Insurance Company ("Acceptance"), for summary judgment. The court, having considered the motion, the response of plaintiff, James B. Nutter & Company, the reply, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted in part as set forth herein.

I.

### Plaintiff's Claims

On February 25, 2015, plaintiff filed its original complaint, Doc.[1] 1, alleging as follows: On or about August 25, 2010, plaintiff obtained an insurance policy from Acceptance. Plaintiff is listed on the policy as an insured in addition to the mortgagor of the insured property. On or about December 30,

---

[1] The "Doc." reference is to the number of the item on the court's docket in this action.

2010, the property was destroyed by fire. Wellington, a third-party claims administrator for Acceptance, issued payment for a claim made by the mortgagor on or about May 2, 2011, but failed to include plaintiff as a payee. Plaintiff made repeated demands on Wellington to issue payment to plaintiff as mortagee, but has never been paid.

Plaintiff sues Acceptance for breach of contract and sues both defendants for breach of the duty of good faith and fair dealing and for violation of section 542.058 of the Texas Insurance Code.

## II.

### Grounds of the Motion

Defendants maintain that plaintiff's claims are barred by limitations. Doc. 41. The fire loss occurred on or about December 30, 2010, and plaintiff did not file its complaint until February 25, 2015, more than four years later. Plaintiff's breach of contract claim is subject to a limitations period of two years and one day and the extra-contractual claims are subject to two-year limitations periods.

## III.

### Applicable Legal Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense

if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,

3

475 U.S. 574, 587, 597 (1986). In <u>Mississippi Prot. & Advocacy Sys., Inc. v. Cotten</u>, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] <u>Celotex Corp.</u>, 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. <u>Matsushita</u>, 475 U.S. at 597; <u>see also</u> <u>Mississippi Prot. & Advocacy Sys.</u>, 929 F.2d at 1058.

IV.

<u>Undisputed Facts</u>

The summary judgment evidence establishes the following:

Acceptance issued a Texas homeowner's policy no. ACS000000491 to Audburgh Williams as insured for property located at 15703 Rio Dell Drive, in Houston, Texas, for the period of August 25, 2010, to August 25, 2011. Doc. 43 at 001, 003. Plaintiff was identified as "1st Mortgagee" on the declarations

---

[2] In <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

4

page of the policy. Id. at 003. On or about December 30, 2010, defendants received notice that there had been a fire at the insured property. Id. at 039. The fire was determined to have been caused by candles. Id. at 044, 050-52. Acceptance paid $119,782.73 on March 29, 2011, and $9,827.20 on April 18, 2011 by checks made payable to the insured and Jansen International. Id. at 045-46. The insured signed a sworn statement of proof of loss regarding the claim stating that there was "no mortgage company on this policy." Id. at 047.

Plaintiff apparently received notice of the fire when it received an email dated October 3, 2012, from Compliance Connections saying that Harris County Public Health asked it to locate the owner of the property, which had been left "open, unsecure [and] burned down." [3] Doc. 43 at 055. The email chain reflects that on October 5, 2012, plaintiff's insurance department coordinator reported that "a check [had been] paid out on 5/2/11 for $119,782.73 on this fire claim" and that plaintiff was not a named payee. Id. at 053.

Plaintiff corresponded with a claims examiner employed by Wellington, which informed plaintiff, by letter of November 5, 2012, that it was investigating plaintiff's claim of October 24,

---

[3] The court notes, however, that plaintiff has pleaded that it duly notified Wellington of its loss and, beginning in May 2011, made periodic requests for payment. Doc. 1 at 3, ¶ 15.

5

2012, and asking for documents between plaintiff and the insured. Doc. 51 at 38. Plaintiff appears to have provided documents[4] and a payoff amount on its loan to the insured. Id. at 41, 53. The last correspondence included in the summary judgment evidence shows that plaintiff requested and apparently received[5] a copy of the insurance policy from Wellington on September 30, 2013. Id. at 56.

V.

Analysis

A. Breach of Contract

As defendants point out, the limitations period applicable here has been limited by the terms of the insurance policy to two years and one day. The provision is titled "Action Against Us" and provides:

> No one may bring an action against us unless there has been full compliance with all policy terms.
>
> Any action against us to which neither the Action Against Us provision located in Section I--Conditions nor the Action Against Us provision located in Section II--Conditions applies must be commenced within two years and one day of the date the cause of action accrues.
>
> If an action is brought asserting claims relating to the existence or amount of coverage, or the amount of

---

[4] None of the documents referenced in the emails and other correspondence included in plaintiff's appendix are attached.

[5] Again, the document referenced in the email is not included in the appendix.

6

>  loss for which coverage is sought, under different
>  coverages of this policy, the claims relating to each
>  coverage shall be treated as if they were separate
>  actions for the purpose of the time limit to commence
>  action.

Doc. 43 at 012. Sections I and II do not apply as they concern existence and amount of coverage. Here, the matter at issue is the failure to include plaintiff as a loss payee on the checks it issued to the homeowner, a separate issue. <u>Camden Fire Ins. Ass'n v. Harold E. Clayton & Co.</u>, 6 S.W.2d 1029, 1030 (Tex. 1928); <u>Rio Grande Nat'l Life Ins. Co. v. Hardware Dealers Mut. Fire Ins. Co.</u>, 209 S.W.2d 654, 656 (Tex. Civ. App.-Amarillo 1948, writ ref'd n.r.e.).

When a cause of action accrues is ordinarily a question of law. <u>Provident Life & Acc. Ins. Co. v. Knott</u>, 128 S.W.3d 211, 221 (Tex. 2003). However, accrual may be a fact question, as in this case where it appears that plaintiff was strung along by repeated requests for further information regarding its claim. <u>Chapa v. Allstate Texas Lloyds</u>, No. 7:15-CV-30, 2015 WL 3833074, at *4 (S.D. Tex. June 22, 2015).

B.   <u>Extracontractual Damages</u>

Plaintiff asserts claims for breach of the duty of good faith and fair dealing and for violation of section 542.058 of the Texas Insurance Code (regarding prompt payment of claims). These claims are subject to a two-year limitations period. Tex.

Ins. Code Ann. § 541.162 (West 2009); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2002). Typically, bad faith occurs in the insurance context when the insurer denies a claim. See Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 828 (Tex. 1990). As there is a fact issue in this case as to when, if ever, before suit was filed a denial occurred, summary judgment would not be appropriate as to the extracontractual claims against it.

C. Claims Against Wellington

Although plaintiff alludes to a breach of contract claim against Wellington, Doc. 52 at 9, plaintiff has only pleaded a claim for breach of contract as to Acceptance. Doc. 1. The only basis alleged for any claim against Wellington is its failure to make the coverage checks payable to plaintiff in addition to the insured. Any claims against Wellington are tort claims, subject to a two-year limitations period, which has passed by any measure. Accordingly, the court is dismissing plaintiff's claims against it.

VI.

Order

For the reasons discussed herein,

The court ORDERS that defendants' motion for summary judgment be, and is hereby, granted in part; that plaintiff take

nothing on its claims against Wellington; and that such claims be, and are hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Wellington.

SIGNED March 8, 2016.

/s/ John McBryde
JOHN McBRYDE
United States District Judge